UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

MOTION TO SEVER COUNTS PURSUANT TO RULES 8 AND 14

Now comes the defendant and moves to sever Counts 4 and 5 from the other Counts of this indictment, pursuant to Rules 8 and 14 of the Rules of Criminal Procedure. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

Pursuant to Rule 12(f) of the Local Rules of the District of Rhode Island for the United States District Court, the filing and disposition of this Motion would constitute excludable time as defined by 18 U.S.C. Section 3161 (h)(1)(f), of an uncertain amount. The Defendant would suggest and agree that the period of time extend through the resolution of any pretrial motions which are filed.

There has been no previous delay related to the subject matter of this motion, which is excludable, though the defense notes that the arraignment and pretrial discovery order excluded a period of ten days and the defense has previously filed motions to extend the time to file pretrial motions and vacate a prior trial date, all of which has caused prior excludable delay.

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 27 day of March, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
v. ) CR 05-137-06T
)
DOMINGO GONZALEZ )

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SEVERANCE PURSUANT TO RULES 8 AND 14 OF THE RULES OF CRIMINAL PROCEDURE

## I. INTRODUCTION

The defendant Domingo Gonzalez has moved pursuant to Rules 8 and 14 of the Rules of Criminal Procedure for severance. The assumption underlying this motion is that there are only two remaining defendants, Waskar Pena and the defendant. A brief outline of the counts is useful for the purposes of this memorandum and is set forth below:

| Count | Date(s) | Defendants | Charge |
|---|---|---|---|
| 1 | Dec. 1, 2005 to Dec. 11, 2005 | Pena, Eduardo Garcia, Ozorio, Pujols, Christopher Garcia, Gonzalez | Conspiracy involving 500 grams or more of **cocaine** |
| 2 | December 11, 2005 | Same as Count 1 | Possession with intent of 500 grams or more of **cocaine** |
| 3 | December 11, 2005 | Pena | Possession with intent 100 grams or more of **heroin** |
| 4 | December 11, 2005 | Christopher Garcia and Gonzalez | Possession with intent a detectable amount of **cocaine** |
| 5 | December 11, 2005 | Same as Count 4 | Possession of a **firearm** in furtherance of a drug trafficking crime |

## II. ARGUMENT

A brief analysis of the above counts will illuminate the defendant's point. Counts 1 and 2 clearly are appropriately joined. Count 3 has nothing to do with Counts 1 and 2 and involves only defendant Pena. Counts 4 and 5 have nothing to do with Counts 1, 2, and 3.[1]

The defense submits that the joinder of counts 1 and 2 with counts 4 and 5 violates Rule 8. They are two separate events. The analysis of the Court in United States v. Webb, 827 F. Supp. 840 (D. Mass. 1993) is instructive. In that case, count 1 of an indictment charged Cecil Webb, Holley, and Christopher with conspiracy to distribute cocaine. Count 2 of the indictment charged Cecil Webb, Charles Webb, and Bennett with being members of a separate conspiracy. The Court said:

> The Court concludes that under this standard, the joinder of defendants in this case is improper. Two separate and distinct conspiracies, involving different participants, are charged in the indictment. The only links between the conspiracies are that: 1) both are conspiracies to distribute cocaine and 2) Cecil Webb is alleged to be a member of both conspiracies. As to the former linking element, the First Circuit has stated that "mere similarity of acts, without more, cannot justify joinder." Natanel, 938 F.2d at 307. As to the latter, the presence of one overlapping member does not make two separate conspiracies part of the same series of acts or transactions.

United States v. Webb, 827 F. Supp. 840, 841 (D. Mass. 1993).

In this case, the argument for severance is even more compelling. Count 4 does not even allege a conspiracy, making the argument for joinder with Counts 1 and 2 even less strong. This is not even a case with two conspiracies and overlapping memberships.

---

[1] The defendant has filed a motion for a bill of particulars as to Count 5 to make sure that his understanding of the allegation of that count is correct. This memorandum is written on the assumption that the defendant is correct in understanding that the allegation in Count 5 relates to the drug trafficking offense identified in Count 4.

For these reasons, the defense submits that Rule 8 at a minimum compels severance of Counts 4 and 5 from Counts 1, 2, and 3. Count 3 involves only an allegation against Pena and the defense submits should be tried separately from any trial involving him.

The defense further asks this Court to grant a request for severance on the grounds of Rule 14 if the request pursuant to Rule 8 is not granted. The defense submits that it will suffer great prejudice from the trial of Counts 1, 2, and 3, with the other Counts. In essence, Counts 1 and 2 allege a conspiracy and substantive acts covering a 10 day period of time. The evidence would likely include a large amount of intercepted telephone calls. Counts 4 and 5 would appear not to included any evidence of intercepted telephone calls. Counts 4 and 5 would appear to involve discrete allegations not related to the overarching conspiracy alleged in Count 1. For these reasons, the defense asks that Counts 4 and 5 be severed from the remaining Counts pursuant to Rule 14.

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 27 day of March, 2006.