UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

MOTION FOR A BILL OF PARTICULARS

Now comes the defendant and moves for a bill of Particulars as to Counts 2, 4 and 5, or in the alternative that Count 2 or 4 be dismissed. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

Pursuant to Rule 12(f) of the Local Rules of the District of Rhode Island for the United States District Court, the filing and disposition of this Motion would constitute excludable time as defined by 18 U.S.C. Section 3161 (h)(1)(f), of an uncertain amount. The Defendant would suggest and agree that the period of time extend through the resolution of any pretrial motions which are filed.

There has been no previous delay related to the subject matter of this motion, which is excludable, though the defense notes that the arraignment and pretrial discovery order excluded a period of ten days and the defense has previously filed motions to extend the time to file pretrial motions and vacate a prior trial date, all of which has caused prior excludable delay.

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 27 day of March, 2006.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A BILL OF PARTICULARS OR IN THE ALTERNATIVE MOTION TO DISMISS

Count 2 of the indictment in this case alleges that on or about December 11, 2005, in Rhode Island, defendants Pena, Eduardo Garcia, Pujols, Christopher Garcia, and Gonzalez knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine, in violation 21 U.S.C. §§841(a)(1) & (b)(1)(B), and 18 U.S.C. § 2. Count 4 of the indictment alleges that on or about December 11, 2005, defendants Christopher Garcia and Gonzalez knowingly and intentionally possessed with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§841(a)(1) & (b)(1)(C), and 18 U.S.C. § 2. On the surface, the only differences between the counts is the number of defendants alleged and the amount of the cocaine alleged.

The discovery provided in this case frankly suggests that the government is alleging that there was cocaine found in the car driven by Christopher Garcia and that this is the basis for Count 4, as distinct from the allegations in Count 2. The defense has filed this motion for a bill of particulars to compel the government to specify its claims. Absent such specificity, Count 4 would appear to be nothing more than a lesser included count of Count 2. The date and alleged substance and location are the same. All the defendants in Count 4 are also identified in Count 2. Put in other words, Counts 2 and 4,

absent specificity from the government as to the allegations, are multiplicious and barred by the double jeopardy clause of the Fifth Amendment. United States v. Serino, 835 F.2d 924 (lst Cir. 1987).[1]

For these reasons the defense asks that the government be compelled to file a bill of particulars as to Counts 2 and 4 or in the alternative that Count 4 be dismissed.

The defendant has further moved for a bill of particulars at to Count 5. Count 5 charges the defendant with knowingly possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c) and 18 U.S.C. §(2). The defense simply asks that the government be compelled to specify in furtherance of which drug trafficking crime the defendant is alleged to have possessed the firearm. Otherwise, the count could be construed to charge two crimes in one count. The defense believes based on the discovery in this case that the allegations in Count 5 are related to the allegations in Count 4, but files this motion to establish what appears to be the case.

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

[1] In United States v. Serino, the Court of Appeals set forth the law with respect to multiplicious indictments. The Court said:

> An indictment is multiplicious when a single offense is charged in more than one count, United States v. Maggitt, 784 F.2d 590, 599 (5th Cir. 1986), and the Double Jeopardy Clause of the Fifth Amendment prohibits multiple punishments for a single offense.

United States v. Serino, 835 F.2d 924, 930 (1st Cir. 1987).

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 27 day of March, 2006.