IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
V. ) Cr. No. 05-137T
)
DOMINGO GONZALEZ )

SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF THE GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION TO SEVER DEFENDANTS

The government has previously responded to defendant's motion to sever the trials of Gonzalez and Christopher Zavala Mayi, alias Christopher Garcia. The government's previous response stated that the Court should deny defendant's motion as moot. Since that time, defendant Zavala-Mayi appeared before the Court to change his plea of not guilty to guilty. The Court has rejected defendant's plea. Accordingly, both defendants are presently scheduled to proceed to trial next week.

The government still believes that defendant's motion should be denied. As set forth in the Government's Consolidated Response and the Government's Trial Memorandum, the evidence to be presented against Domingo Gonzalez and Christopher Zavala Mayi is essentially identical. Gonzalez and Zavala-Mayi traveled from Lawrence, MA, to Providence, RI, together in order to deliver two kilograms of cocaine. They were both in the car that was used to secret the cocaine, and a loaded handgun. They were both present in the basement of 234 Gallatin Street at the time the search warrant was executed. Their roles in the conspiracy are basically identical. There is absolutely no legal or factual basis for severance in this case.

The general rule, especially in conspiracy cases, is that persons jointly indicted should be tried together. Zafiro v. United States, 506 US. 534 (1993); United States v. Haynes, 16 F.3rd 29 (2nd Cir. 1994). To secure severance, a defendant must demonstrate that he or she will suffer

substantial prejudice at a joint trial, not just he or she stands a better chance of acquittal at a separate trial. United States v. Magnano, 543 F.2d 431 (2nd Cir. 1976). In this case, defendant Gonzalez cannot make any showing of a prejudicial spillover as a result of joint trial. Furthermore, in order to obtain severance in order to secure the testimony of a co-defendant, the defendant must demonstrate: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant will in fact testify if the cases are severed. If the movant makes such a showing, the court must examine the significance of the testimony to the movant's theory of the defense, assess the extent of prejudice caused by the absence of the testimony, and consider judicial economy. See, e.g., United States v. Drougas, 748 F.2d 8 (1st Cir. 1984); United States v. McKinny, 53 F.3d 664 (5th Cir. 1995). In this case, defendant has not made the required showing. Furthermore, based on the plea colloquy of Christopher Zavala-Mayi, it does not appear that he would be able to offer his co-defendant any exculpatory evidence. Zavala-Mayi admitted that he and Domingo Gonzalez traveled together to transport two kilograms of cocaine; that Gonzalez negotiated the transaction with Pujols, and that Gonzalez was aware of the drugs and gun in the vehicle. It does not appear that, even if Zavala-Mayi would agree to testify, he would offer any exculpatory testimony. Indeed, in all likelihood, Zavala-Mayi would invoke his Fifth Amendment privilege are refuse to testify.

Accordingly, there does not seem to be any basis for severance. Defendant's motion should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys:

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

## CERTIFICATION OF SERVICE

I hereby certify that on this 10th day of April, 2006, I served by first class mail, postage prepaid, a copy of the within Supplemental Memorandum of Law in Support of the Government's Objection to Defendant's Motion to Sever Defendants, to the following:

Robert B. Mann, Esquire
Mann & Mitchell
1 Turks Head Place - Suite 610
Providence, RI 02903