UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR. No. 05-137-06T |
| | ) | |
| DOMINGO A. GONZALEZ | ) | |

PLEA AGREEMENT

Pursuant to Rule 11(c)(1) of the Federal Rules of Criminal Procedure, the United States and Defendant, Domingo A. Gonzalez, have reached the following agreement:

1. Defendant will:

a. Plead guilty to the Indictment which charges the defendant with conspiracy to possess with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 846 (Count I); possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count II); and possession with intent to distribute a mixture and substance containing cocaine, in violation of 21 U.S.C. § 841(a)(1) &(b)(1)(c) (Count IV).

2. In exchange for Defendant's plea of guilty:

a. The government will recommend that the Court impose a term of imprisonment within the guidelines range for the offense level determined by the Court under the United States Sentencing Guidelines (the "guidelines") or the mandatory minimum term of imprisonment pursuant to statute, whichever term is greater, but not including probation or a "split-sentence," even if permitted under the guidelines. The government reserves the right to recommend any sentence up to and including the statutory maximum sentence, in the event that

the defendant seeks (1) a downward departure, or (2) a sentence below the guidelines range determined by the Court.

b. For purposes of determining the offense level, the government agrees to recommend a 2-level reduction in the offense level for acceptance of responsibility under §3E1.1(a) of the guidelines if Defendant continues to demonstrate his acceptance of responsibility through sentencing.

c. Defendant understands that because his plea is not a timely plea, and the government has prepared for trial, the government will not move the sentencing court for an additional decrease of 1 level, pursuant to U.S.S.G. § 3E1.1(b)(2).

d. The government is free to recommend any combination of supervised release, fines, and restitution which it deems appropriate.

e. At the time of sentencing, the government will move to dismiss Count V of the Indictment which charges the defendant with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).

e. The United States and Defendant stipulate and agree to the following facts:

i. The total amount of cocaine for which defendant is responsible in connection with this case is over two kilogram but under three kilograms, as set forth in USSG §2D1.1 (c)(6).

ii. The defendant possessed a dangerous weapon, to wit a firearm, as set forth in USSG §2D1.1 (b)(1).

iii. Except as expressly provided in the preceding paragraph, there is no agreement as to which Offense Level and Criminal History Category applies

in this case. Both the United States and Defendant reserve their rights to argue and present evidence on all matters affecting the guideline calculation.

3. The maximum statutory penalties for the offense to which Defendant is pleading are as follows:

Count I

i. Forty years imprisonment with mandatory minimum term of five years;

ii. A fine of up to $2,000,000;

iii. A term of supervised release of four years to life;

iv. A special assessment of $100.

Count II

i. Forty years imprisonment with mandatory minimum term of five years;

ii. A fine of up to $2,000,000;

iii. A term of supervised release of four years to life;

iv. A special assessment of $100.

Count IV

i. Twenty years imprisonment;

ii. A fine of up to $1,000,000;

iii. A term of supervised release of three years to life

iv. A special assessment of $100.

Thus, the total maximum sentence faced by the defendant is a term of imprisonment up to 100 years, a fine of up to $5,000,000, a term of supervised release of life, and $300 special assessment.

4. Defendant agrees that, after he and his counsel sign this agreement, counsel will return it to the United States Attorney's Office along with a money order or certified check, payable to the Clerk, United States District Court, in payment of the special assessments. Failure to do so, unless the Court has made a previous finding of indigence, will relieve the government of its obligation to recommend a reduction in the offense level under the guidelines for Acceptance of Responsibility.

5. Defendant is advised and understands that:

a. The government has the right, in a prosecution for perjury or making a false statement, to use against the defendant any statement that the defendant gives under oath;

b. Defendant has the right to plead not guilty, or having already so pleaded, to persist in that plea;

c. He has the right to a jury trial;

d. He has the right to be represented by counsel – and if necessary have the court appoint counsel – at trial and every other stage of the proceeding;

e. He has the right at trial to confront and cross-examine adverse witnesses, to be protected from self-incrimination, to testify and present evidence, and to compel the attendance of witnesses; and

f. Defendant waives these trial rights if the court accepts a plea of guilty.

9. Defendant is advised that the government has in its possession certain physical evidence. Defendant understands that the government does not intend to conduct DNA testing of any of this evidence. Defendant further understands that Defendant could request DNA testing of

such evidence in this case prior to any finding of guilt against Defendant. Defendant further understands that, following this Court's entry of a judgment of conviction for the offense[s] to which Defendant is pleading guilty, Defendant has the right to request DNA testing of such evidence pursuant to 18 U.S.C. § 3600.

Knowing and understanding this right to request such DNA testing, Defendant hereby knowingly and voluntarily waives and gives up that right. Defendant understands that Defendant will never have another opportunity to have the evidence in this case submitted for DNA testing or to employ the results of DNA testing to support a claim that Defendant is innocent of the offense[s] to which Defendant is pleading guilty. Defendant further understands that by waiving and giving up this DNA testing right, the physical evidence in this case need not be retained for any such purpose.

10. The government reserves its full right of allocution, including the right to present any information to the Court for its consideration in fashioning an appropriate sentence, the right to correct misstatements, misrepresentations, or omissions by Defendant, and to answer any questions asked by the Court.

11. Except for paragraph 2 above, the parties have made no agreement concerning the application of the guidelines in this case.

12. Defendant understands that the Court alone makes all sentencing decisions, including the application of the guidelines and the sentence to be imposed. The Court is not bound by the parties' stipulations of fact, offense level adjustments, or the government's recommendations. The defendant understands that the United States Sentencing Guidelines are advisory and that, while the court must consult the guidelines, the Court is free to impose any

sentence it deems appropriate up to and including the statutory maximum. Defendant also understands that even if the Court's guideline determinations and sentence are different than Defendant expects, Defendant will not be allowed to withdraw Defendant's plea of guilty.

13. Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the Court. Defendant hereby waives Defendant's right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower. This agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the government retains its right to appeal any of the Court's sentencing determinations.

14. This agreement is binding on the government only if Defendant pleads guilty, fulfills all Defendant's obligations under the agreement, does not engage in any conduct constituting obstruction of justice under § 3C1.1 of the guidelines, and does not commit any new offenses. Defendant understands that if Defendant violates this agreement in any way, the government shall be released from its obligations under the agreement and will be free to make any recommendations that it deems appropriate. If that occurs, Defendant shall not have the right to withdraw Defendant's guilty plea.

15. This agreement is limited to the District of Rhode Island and does not bind any other federal, state, or local prosecutive authorities.

16. This agreement constitutes the entire agreement between the parties. No other promises or inducements have been made concerning the plea in this case. Defendant acknowledges that no person has, directly or indirectly, threatened or coerced Defendant to enter

this agreement. Any additions, deletions, or modifications to this agreement must be made in writing and signed by all the parties in order to be effective.

17. Counsel for Defendant states that Counsel has read this agreement, been given a copy of it for Counsel's file, explained it to Defendant, and states that to the best of Counsel's knowledge and belief, Defendant understands the agreement.

18. Defendant states that Defendant has read the agreement or has had it read to Defendant, has discussed it with Defendant's Counsel, understands it, and agrees to its provisions.

| | |
|---|---|
| DOMINGO A. GONZALEZ<br>Defendant | 4/15/06<br>Date |
| ROBERT MANN<br>Counsel for Defendant | 4 15 06<br>Date |
| ADI GOLDSTEIN<br>Assistant U.S. Attorney | 4/17/06<br>Date |
| MARY E. ROGERS<br>Assistant U.S. Attorney<br>Chief, OCDETF Unit | 4-17-06<br>Date |