IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 03-137T |
| | ) | |
| CHRISTOPHER ZAVALA MAYI | ) | |
| DOMINGO GONZALEZ | ) | |

**GOVERNMENT'S PROPOSED JURY INSTRUCTIONS**

The attached proposed instructions are hereby offered by the Government.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

MARY ROGERS
Assistant U.S. Attorney

## COUNT I: CONSPIRACY

**1. Introduction**

In Count I or the Indictment, the defendant is accused of conspiring to commit a federal crime, specifically distribution or possession with intent to distribute 500 grams or more of cocaine. It is against federal law to conspire with someone to commit this crime.

In order to find the defendant guilty of Count I of the Indictment, the government must prove the following elements beyond a reasonable doubt:

1. That the agreement specified in the Indictment, that is to possess with intent to distribute or to distribute 500 grams or more of a substance containing a detectible amount of cocaine, and not some other agreement, exited between at least two people; and

2. That the defendant willfully joined in that agreement.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03

**2. <u>The Agreement</u>**

A criminal conspiracy is an agreement, spoken or unspoken, entered into by at least two people, to violate the law. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. The government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out the details of the understanding. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

It is proof of this conscious understanding and deliberate agreement to violate some laws by means of a common plan or course of action by the alleged members that should be central to your consideration of the charge of conspiracy. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors.

Further, to prove the existence of the conspiracy, the government is not required to name or charge all the members of the conspiracy.

Adapted from <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> § 4.03

**3. Joining the Conspiracy**

In order to convict the defendants of the charged conspiracy, you must find that they willfully joined in the agreement. Proof of that must be based upon evidence of defendants' own words or actions. You need not find that the defendants agreed specifically to or knew about all the details of the crime, or that they knew every other co-conspirator.

Further, the government need not prove that each defendant participated in each act of the agreement or played a major role. One may become a member of a conspiracy without full knowledge of all the details of the conspiracy. A defendant may be convicted as a conspirator even though he may have played only a minor part.

Evidence establishing beyond a reasonable doubt a connection of a defendant with the conspiracy, even though that connection is slight, is sufficient to convict the defendant of knowing participation in that conspiracy.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03

United States v. Pacheco-Ortiz, 889 F.2d 301 (1st Cir. 1989)

United States v. Williams, 809 F.2d 75, 86 (1st Cir. 1986)

United States v. Marsh, 747 F.2d 7 (1st Cir. 1984)

**4. Pinkerton Liability**

It is well settled that members of a conspiracy are legally responsible for the actions of a co-conspirator taken in furtherance of the scheme.

Pinkerton v. United States, 328 U.S. 640, 646-47 (1946)

United States v. Barker Steel, Incl, 985 F.2d 1123 (1st Cir.1993)

**5. Criminal Intent**

The government must prove that the defendants acted willfully. To act willfully means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed. In other words, not to act by ignorance, accident or mistake.

The government must prove two types of intent beyond a reasonable doubt before the defendants can be said to have willfully joined the conspiracy:

1. An intent to agree; and
2. An intent to commit a substantive offense of possession with intent to distribute or distribution of 50 grams or more of a substance containing cocaine base.

Intent may be inferred from the surrounding circumstances. For instance, although mere presence at the crime scene is not alone enough, it may be considered among other factors as evidence of intent.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03

United States v. Flores Rivera, 56 F.3d 319 (1st Cir. 1995)

United States v. Flaherty, 668 F.2d 566 (1st Cir. 1981)

6. **Knowledge**

Knowledge of the basic agreement is an essential element of the crime charged. This type of knowledge is distinguished from knowledge of all the details of the conspiracy including amounts, roles, and people involved. Such detailed knowledge is not necessary to find the defendant guilty of the crime of conspiracy. The government need not show that a defendant knew all the other alleged members of the conspiracy or that any of the other alleged members had similar roles. The government is not required to prove that persons on one level or having a given role necessarily had dealings with or direct knowledge of those operating at other levels or in other roles.

United States v. Marsh
47 F.2d 7 (1st Cir. 1984)

Adapted from Federal Jury Practice And Instructions, Fifth, O'Malley, Grenig & Lee, § 31.05.

**7. <u>Success of Conspiracy Immaterial</u>**

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Adapted from <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> § 4.03

**8. Aims of the Conspiracy**

I will now instruct you as to the substantive crimes that are alleged to be the purpose of the conspiracy. You must find that the defendants intended to commit a substantive offense, that is, you must find: (1) the defendants knew the substance they agreed to possess for distribution or distribute was cocaine, and (2) it was their conscious object to distribute or possess with intent to distribute 500 grams or more of a substance containing cocaine.

(A) The term distribute as it relates to this case includes delivery, transfer, or the sale of a controlled substance. It is not necessary that defendants benefitted in any way from that transfer.

(B) With respect to possession with intent to distribute, I will explain this term to you next, as I will be instructing you on the elements of Counts II and IV.

## COUNTS II and IV: POSSESSION WITH INTENT TO DISTRIBUTE

**1. Introduction**

In Count II, defendant is accused of possessing with the intent to distribute 500 grams or more of cocaine on or about December 11, 2005.

In Count IV, defendant is accused of possessing a mixture and substance containing cocaine, with the intent to distribute it to someone else.

It is against federal law to possess cocaine with the intention to distribute it to someone else.

For you to find the defendant guilty of these offenses you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

First: that the defendant possessed cocaine.

For count II, you must find that he possessed 500 grams or more of a mixture and substance containing cocaine.

For Count IV, you must find that he possessed a mixture and substance containing cocaine.

Second: that the defendant did so with the intent to distribute the cocaine; and

Third, that the defendant acted knowingly and intentionally.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.22

2. **Cocaine as a controlled Substance**

You are instructed as a matter of law that Cocaine is a Schedule II controlled Substance.

Adapted from Devitt, Blackmar & O'Mally § 54-13

3. **<u>Possession</u>**

The term possession as it relates to this case means exercising authority, dominion or control over something. It includes both actual and constructive possession.

A person who has direct physical control over something on or around his person is then in actual possession of it.

A person who is not in actual possession but who has both the power and the intention to exercise control over something is in constructive possession over it.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.

Adapted from <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> § 4.22

4. **<u>Intent to distribute</u>**

It is not necessary for you to be convinced that defendant actually delivered the cocaine, or made any money out of a transaction. It is enough for the government to prove that the defendant intended to transfer the cocaine or some of it. Intent may be inferred from the surrounding circumstances.

For instance, intent to distribute may be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that the defendant possessed a quantity of cocaine that is larger than what would be needed for personal use, then you may infer that the defendant intended to distribute it. Other indicia of intent to distribute include scales, cutting agents, packaging materials, weapons, and large amounts of cash. The law does not require you to draw the inference of intent from this evidence, but you may do so.

Adapted from <u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u>, §§ 4.22-4.24
<u>United States v. Ocampo-Guarin</u>, 968 F.2d 1406 (1st Cir. 1992)
<u>United States v. Ford</u>, 22 F.3d 374, 382-83 (1st Cir.), <u>cert. denied</u>, 513 U.S. 900 (1994)

5. **Knowingly**

To act knowingly means to act voluntarily and intentionally, and not as a result of some mistake or accident.

You must find beyond a reasonable doubt that the defendant knowingly possessed with intent to distribute a controlled substance.

However, it is not necessary that the defendant had knowledge of which particular controlled substance it was. Nor it is necessary that the defendant had knowledge of the weight of the controlled substance.

Adapted from Federal Jury Practice and Instructions, §17.04

Adapted from Modern Federal Jury Instructions, 56-8

United States v. Kairouz, 751 F.2d 467 (1st Cir. 1985)

United States v. Collando-Gomez, 834 F.2d 280 (1st Cir. 1987)

6. **Quantities**

With respect to Count II you must find that the government has proven beyond a reasonable doubt that the defendant possessed with intent to distribute 500 grams or more of a substance containing cocaine.

**COUNT V: POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME**

Title 18, united states code, section 924(c)(1), makes it a crime for anyone to possess a firearm in furtherance of such drug trafficking crime. For you to find the defendant guilty of this crime, as charged in count v, you must be convinced that the government has proven each of the following beyond a reasonable doubt:

first: that the defendant committed the crime alleged in counts 1, 2, or 4. I instruct you that those counts are drug trafficking crimes; and

second: that the defendants knowingly possessed a firearm in furtherance of the defendants' alleged commission of the crimes charged in at least one of those counts.

To prove the defendant possessed a firearm "in furtherance", the government must prove that the defendant possessed a firearm that furthers, advances, or helps forward the drug trafficking crime. For example, the nexus between the gun and the drug operation can be established by the type of drug activity that is being conducted, accessability of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits,

And the time or circumstances under which the gun is found."
United States v. Timmons, 283 F.3d 1246, 1253 (11th Cir 2002)
United States v. Ceballos-Torres, 218 F.3e 409, 413 (5th Cir 2000)

**ADDITIONAL REQUESTED CHARGES**

1. **AIDING AND ABETTING**

Under federal law, one who aids another or abets another to commit an offense against the united states has himself committed a crime. To convict a defendant as an aider or abettor, the government must prove beyond a reasonable doubt that the defendant associated himself in some way with the venture, that the defendant participated in the venture as something he wished to bring about, and that the defendant sought by his action to make the venture succeed. Mere presence at the scene, even coupled with knowledge that a crime is being committed, is generally insufficient to establish beyond a Reasonable doubt that the defendant acted as an aider and abettor. The government must prove beyond a reasonable doubt that the defendant shared in the criminal intent.

United States v. O'Campo
973 F.2d 1015 (1st Cir. 1992)

United States v. Sanchez
917 F.2d 607 (1st Cir. 1990)

United States v. Garcia
818 F.2d 136 (1st Cir. 1987)

**2. UNANIMOUS VERDICT**

Whether your verdict is guilty, or not guilty, it must be unanimous. All twelve of you must agree.