UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

DEFENDANT'S PROPOSED JURY INSTRUCTIONS

Introductory Note

With respect to a large number of the Government's proposed instructions, the defense has minor proposed modifications. The defense has attached those instructions, with the proposed modifications. In other instances, the defense has submitted its own proposed instructions.

The defense has used the same page numbers as the Government for the sake of simplicity.

**COUNT I: CONSPIRACY**

**1. Introduction**

In Count I or the Indictment, defendants Christpher Zavala-Mayi, alias Christopher Garcia, and Domingo Gonzalez, are accused of conspiring to commit a federal crime, specifically distribution or possession with intent to distribute 500 grams or more of cocaine. It is against federal law to conspire with someone to commit this crime.

In order to find each defendant guilty of Count I of the Indictment, the government must prove the following elements beyond a reasonable doubt:

1. That the agreement specified in the Indictment, that is to possess with intent to distribute or to distribute ~~5000~~ 500 grams or more of a substance containing a detectible amount of cocaine, and not some other agreement, ~~exited~~ existed between at least two people; and

2. That ~~each~~ the defendant willfully joined in that agreement.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03

2. The Agreement

A criminal conspiracy is an agreement, spoken or unspoken, entered into by at least two people, to violate the law. The conspiracy does not have to be a formal agreement or plan in which everyone involved sat down together and worked out all the details. The government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out the details of the understanding. But the government must prove beyond a reasonable doubt that those who were involved shared a general understanding about the crime.

It is proof of this conscious understanding and deliberate agreement to violate some laws by means of a common plan or course of action by the alleged members that should be central to your consideration of the charge of conspiracy. Mere similarity of conduct among various people, or the fact that they may have associated with each other or discussed common aims and interests does not necessarily establish proof of the existence of a conspiracy, but you may consider such factors. ~~as evidence of such a conspiracy.~~

~~Further, to prove the existence of the conspiracy, the government is not required to name or charge all the members of the conspiracy.~~

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03. See also § 4.18.371

3. JOINING THE CONSPIRACY and CRIMINAL INTENT (DEFENSE PROPOSED INSTRUCTION)

To act "willfully" means to act voluntarily and intelligently and with the specific intent that the underlying crime be committed—that is to say, with bad purpose, either to disobey or disregard the law—not to act by ignorance, accident or mistake. The government must prove two types of intent beyond a reasonable doubt before [defendant] can be said to have willfully joined the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying crime be committed. Mere presence at the scene of a crime is not alone enough, but you may consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that [defendant] willfully joined in the agreement must be based upon evidence of [his/her] own words and/or actions. You need not find that [defendant] agreed specifically to or knew about all the details of the crime, or knew every other co-conspirator or that [he/she] participated in each act of the agreement or played a major role, but the government must prove beyond a reasonable doubt that [he/she] knew the essential features and general aims of the venture. Even if [defendant] was not part of the agreement at the very start, [he/she] can be found guilty of conspiracy if the government proves that [he/she] willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit §4.21 citing to 4.18.371(1)

4. PINKERTON CHARGE

The defense objects to giving any Pinkerton charge for the reasons set forth in the comments to Pattern Jury Instruction 4.18.371(2), citing, inter alia, United States v. Sanchez, 917 F.2d 607, 612 n. 4 (lst Cir. 1990). But see United States v. Webster, 90 F.3d 592, 597 (lst Cir. 1996) rejecting such an argument.

If the Court elects to give such an instruction, the defense proposes the following:

There is another method by which you may evaluate whether to find [defendant] guilty of the Count 2 in the indictment.

If, in light of my instructions, you find beyond a reasonable doubt that [defendant] was guilty on the conspiracy count (Count 1), then you may also, but you are not required to, find him guilty of the substantive crime charged in Count 2, provided you find beyond a reasonable doubt each of the following elements:

First, that someone committed the substantive crime charged in Count 2;

Second, that the person you find actually committed the substantive crime was a member of the conspiracy of which you found [defendant] was a member;

Third, that this co-conspirator committed the substantive crime in furtherance of the conspiracy;

Fourth, that [defendant] was a member of this conspiracy at the time the substantive crime was committed and had not withdrawn from it; and

Fifth, that [defendant] could reasonably have foreseen that one or more of his co-conspirators might commit the substantive crime.

If you find all five of these elements to exist beyond a reasonable doubt, then you may find [defendant] guilty of the substantive crime charged, even though he did not personally participate in the acts constituting the crime or did not have actual knowledge of them.

If, however, you are not satisfied as to the existence of any one of these five elements, then you may not find [defendant] guilty of the particular substantive crime unless the government proves beyond a reasonable doubt that [defendant] personally committed that substantive crime, or aided and abetted its commission.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit
§4.18.371(2)

There is no page 5, because the defense has included the issue of criminal intent with respect to the conspiracy charge in its proposed instruction on page 3.

6. KNOWLEDGE

The defense objects to the government's proposed charge of knowledge with respect to the conspiracy charge. The defense has included language about the knowledge requirement directly from the Pattern Criminal Jury Instructions for the District Courts of the First Circuit . It is included in the defense proposed instruction on Joining the Conspiracy and Criminal Intent.

**7. Success of Conspiracy Immaterial**

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.03

8. Aims of the Conspiracy

I will now instruct you as to the substantive crimes that are alleged to be the purpose of the conspiracy. You must find that the defendants intended to commit a substantive offense, that is, you must find: (1) the defendants knew the substance they agreed to possess for distribution or distribute was cocaine, and (2) it was their conscious object to distribute or possess with intent to distribute 500 grams or more of a substance containing cocaine.

(A) The term distribute as it relates to this case includes delivery, transfer, or the sale of a controlled substance. It is not necessary that defendants benefitted in any way from that transfer.

(B) With respect to possession with intent to distribute, I will explain this term to you next, as I will be instructing you on the elements of Counts II and IV.

**DEFENSE COMMENT:** The Court may refuse to instruct on the term distribute. United States v. Acevedo, 842 F.2d 502, 506-07 (1st. Cir. 1988), cited in comments to Pattern Instructions for the First Circuit at section 4,21.841(A)(1)B

**COUNTS II and IV: POSSESSION WITH INTENT TO DISTRIBUTE**

**1. Introduction**

In Count II, defendants are accused of possessing with the intent to distribute 500 grams or more of cocaine on or about December 11, 2005

In Count IV, defendants are accused of possessing a mixture and substance containing cocaine, with the intent to distribute it to someone else.

It is against federal law to possess cocaine with the intention to distribute it to someone else.

For you to find the defendants guilty of these offenses you must be convinced that the government has proven each of these elements beyond a reasonable doubt:

First: that the defendants possessed cocaine.

For count II, you must find that they possessed 500 grams or more of a mixture and substance containing cocaine.

For Count IV, you must find that they possessed a mixture and substance containing cocaine.

Second: that defendants did so with ~~the~~ a specific intent to distribute the cocaine over which he had actual or constructive possession and

Third, that defendant~~s~~ acted knowingly and intentionally.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.22

Defense reference: See also Pattern Instructions for the First Circuit at section 4.21.841(a)(1)A

2. Cocaine as a controlled Substance

The defense objects to this instruction as unnecessary.

3. **Possession**

The term possession as it relates to this case means exercising authority, dominion or control over something. It includes both actual and constructive possession.

A person who has direct physical control over something on or around his person is then in actual possession of it.

A person who is not in actual possession but who has both the power and the intention to exercise control over something is in constructive possession over it.

Possession also includes both sole possession and joint possession. If one person alone has actual or constructive possession, possession is sole. If two or more persons share actual or constructive possession, possession is joint.

Adapted from Pattern Criminal Jury Instructions for the District Courts of the First Circuit § 4.22

4. Intent to Distribute (DEFENSE PROPOSED INSTRUCTION)

It is not necessary for you to be convinced that [defendant] actually delivered the cocaine to someone else, or that he made any money out of the transaction. It is enough for the government to prove, beyond a reasonable doubt, that he had in his possession what he knew was cocaine and that he intended to transfer it or some of it to someone else.

Intent to distribute may, for example, be inferred from a quantity of drugs larger than that needed for personal use. In other words, if you find that [defendant] possessed a quantity of cocaine —more than that which would be needed for personal use—then you may infer that [defendant] intended to distribute cocaine. The law does not require you to draw such an inference, but you may draw it.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit
§4.21.841(a)(1)A

5. Knowingly

The defense objects to the last paragraph of the government's proposed instruction on the term "knowingly" as it relates to possession with intent to distribute. The last paragraph informs the jury that it is not necessary that the defendant had knowledge of which controlled substance it was or of the weight of the substance. In light of the government's next proposed instruction that with respect to Count II, it bears the burden of proving defendant possessed 500 or more grams of cocaine, the last paragraph of the definition of knowingly is potentially confusing.

6. Quantities

With respect to Count II you must find that the government has proven beyond a reasonable doubt that ~~each~~ The defendant possessed with intent to distribute 500 grams or more of a substance containing cocaine.

COUNT V

4. POSSESSION OF A FIREARM IN FURTHERANCE OF A DRUG TRAFFICKING CRIME (DEFENSE PROPOSED INSTRUCTION)

[Defendant] is accused of possessing a firearm in furtherance of a drug trafficking crime. It is against federal law to possess a firearm in furtherance of a drug trafficking crime. For you to find [defendant] guilty of this crime, you must be satisfied that the government has proven each of the following things:

First, [defendant] committed the crime of trafficking, described in Counts 1 and 4; and

Second, [defendant] knowingly possessed a firearm in furtherance of the commission of that crime.

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

A defendant's possession of a firearm is "in furtherance of" a crime if the firearm possession made the commission of the underlying crime easier, safer or faster, or in any other way helped the defendant commit the crime. There must be some connection between the firearm and the underlying crime, but the firearm need not have been actively used during the crime.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit §4.18.924, with adaptation for this case.

THE DEFENSE BELIEVES A FURTHER INSTRUCTION IN THIS CASE AS TO THIS CHARGE IS REQUIRED WHICH ADDRESSES THE UNAMINITY QUESTION. THE DEFENSE IS WORKING ON THAT CHARGE.

There is no page 17. The Government instruction on possession of a firearm is on pages 16 and 17. The defense proposal is on page 16 alone.

1. AIDING AND ABETTING <u>(DEFENSE PROPOSED INSTRUCTION)</u>

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>, that someone else committed the charged crime; and

<u>Second</u>, that [defendant] consciously shared the other person's knowledge of the underlying criminal act, intended to help [him/her], and [willfully] took part in the endeavor, seeking to make it succeed.

[Defendant] need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

[An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.]

<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> §4.18.02.

**2. UNANIMOUS VERDICT**

Whether your verdict is guilty, or not guilty, it must be unanimous. All twelve of you must agree.

3.02. **3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt**

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance.

The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Domingo Gonzalez has the benefit of that presumption throughout the trial, and you are not to convict him of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Domingo Gonzalez is guilty of the crime with which he is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to [defendant]. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. [Defendant] has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against [him/her].

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to [defendant]'s guilt of a particular crime, it is your duty to acquit [him/her] of that

crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of [defendant]'s guilt of a particular crime, you should vote to convict [him/her].

As I have said, the burden is upon the Government to prove beyond a reasonable doubt that a defendant is guilty of the charge made against the defendant. It is a strict and heavy burden, but it does not mean that a defendant's guilt must be proved beyond all possible doubt. It does require that the evidence exclude any reasonable doubt concerning a defendant's guilt.

A reasonable doubt may arise not only from the evidence produced but also from a lack of evidence. Reasonable doubt exists when, after weighing and considering all the evidence, using reason and common sense, jurors cannot say that they have a settled conviction of the truth of the charge.

Of course, a defendant is never to be convicted on suspicion or conjecture. If, for example, you view the evidence in the case as reasonably permitting either of two conclusions—one that a defendant is guilty as charged, the other that the defendant is not guilty— you will find the defendant not guilty.

It is not sufficient for the Government to establish a probability, though a strong one, that a fact charged is more likely to be true than not true. That is not enough to meet the burden of proof beyond reasonable doubt. On the other hand, there are very few things in this world that we know with absolute certainty, and in criminal cases the law does not require proof that overcomes every possible doubt.

Concluding my instructions on the burden, then, I instruct you that what the Government must do to meet its heavy burden is to establish the truth of each part of each offense charged by proof that convinces you and leaves you with no reasonable doubt, and thus satisfies you that you can, consistently with your oath as jurors, base your verdict upon it. If you so find as to a particular charge against a defendant, you will return a verdict of guilty on that charge. If, on the other hand, you think there is a reasonable doubt about whether the defendant is guilty of a particular offense, you must give the defendant the benefit of the doubt and find the defendant not guilty of that offense.

Pattern Criminal Jury Instructions for the District Courts of the First Circuit §3.02, plus the quoted instruction in the comment to the pattern instruction, which quoted instruction was taken from United States v. Cleveland, 106 F.3d 1056, 1062-63 (1st Cir. 1997), aff'd sub nom. Muscarello v. United States, 524 U.S. 125 (1998), recognized as abrogated on other grounds by Brache v. United States, 165 F.3d 99 (1st Cir. 1999).

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 19th day of April, 2006.