IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | |
| vs. ) | Cr. No. 05-137T |
| ) | |
| DOMINGO GONZALEZ ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S REQUEST FOR A SPECIAL VERDICT FORM ON COUNT V OF THE INDICTMENT**

Comes now the United States of America, by and through its attorneys, ROBERT CLARK CORRENTE, United States Attorney, and Mary E. Rogers and Adi Goldstein, Assistant United States Attorneys, and hereby objects to Defendant's motion for a special verdict on Count V of the Indictment for the reasons set forth in the attached Memorandum of Law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
United States Attorney

ADI GOLDSTEIN
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA )
)
)
vs. ) Cr. No. 05-137T
)
DOMINGO GONZALEZ )

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION**

Defendant asks the Court for a special interrogatory to the jury on Count V of the Indictment. Specifically, the Defendant seeks to require the jury to decide, unanimously, whether the defendant's possession of the handgun was in furtherance of the drug trafficking crime charged in Count I, Count II, or Count III of the Indictment. The government does not believe a special verdict form is required in this case.

The drug trafficking offenses with which the defendant is charged are essentially continuing offenses, and are interrelated. A special verdict form would unnecessarily confuse the jury and is not required. The First Circuit has held, under similar circumstances, that a jury need not necessarily agree on the facts underlying a conviction. United States v. Hernandez-Albino, 177 F.3d 33 (1st Cir. 1999); Schad v. Arizona, 501 U.S. 624, 631 (1991). In the context of 924©, this Circuit has held that the jury was not required to specifically agree on which gun the defendant carried in committing the 924© offense. Id. That

the defendant is charged with multiple drug trafficking crimes in this case simply means that there were alternative means by which he violated the 924© statute. Thus, it goes to the underlying facts, and not to the element of the offense. Indeed, the government need not even charge an underlying drug offense when it charges the defendant with a 924© count.

Other courts to have considered this issue agree with the government's position. In United States v. Correa -Ventura, the defendant was convicted of one count of 924(c)(1) based on two predicated offenses and multiple firearms. The Court rejected defendant's argument that the district court erred in refusing to issue a unanimity instruction, stating "[t]he mere carrying or use of a firearm is not the criminal actus reus proscribed - - rather it is the employment of the weapon in the context of another predefined crime . . . " That defendant's single possession of the firearm allowed him to further multiple drug trafficking crimes does not thereby alter the offense into multiple offenses. See United States v. Phipps, 319 F.3d 177 (5th Cir. 2003). "[J]ust as motive often is the essential fact at trial but is not a statutory element, 924(c)(1) criminalizes the use of a firearm during and in relation to the predicate offense, not in regard to a defendant's purposes in using the firearm." Id.

Similarly in United States v. Leonard Taylor (6th Cir.

1994), the Court held in the context of a 924(c)(1) conviction that it was not necessary to give specific unanimity instructions unless "(1) a count is extremely complex, (2) there is a variance between the indictment and the proof at trial, or (3) there is a tangible risk of jury confusion." The Court rejected appellant's contention "that because the government could have charged two separate violations of § 924© there was an automatic necessity for a specific unanimity charge." The Court stated that "the unanimity instruction was not required as there was little or no chance of the jury's being confused about what it must find in order to find Taylor guilty on Count 10, and the other two factors do not apply in this case."

Similarly, "if a jury is confronted with divergent factual theories in support of the same ultimate issue, court generally have held that the unanimity requirement is met as long as the jurors are in agreement on the ultimate issue (even though they may not be unanimous as to the precise theory.)" United States v. Lee, 317 f.3d 26 (1st Cir. 2003). In this case, the decision of which drug trafficking offense is a predicate to defendant's possession is somewhat esoteric given the fact that the offenses were continuous. Cf. United States v. Lindsay, 985 F.2d 666 (2nd Cir. 1993).

In the context of the use of multiple firearms to commit a crime of violence or drug trafficking crime, the courts have been

nearly unanimous that use of multiple firearms do not require multiple counts of 924(c)(1) or specific instructions on unanimity. United States v. Privette, 947 F.2d 1259, 1262-63 (5th Cir.1991) (use of more than one gun will not support multiple counts for use of firearm during single drug trafficking offense), cert. denied, 503 U.S. 912, 112 S. Ct. 1279, 117 L. Ed. 2d 505 (1992). In the context of other continuing offenses, such as felon in possession offenses, the Courts have similarly agreed that the jury need not be unanimous either as to which firearm is possessed or the precise time of possession. United States v. Verrecchia, 196 F.3d 294, 298-99 (1st Cir. 1999) (citing Richardson v. United States, 526 U.S. 813, 119 S. Ct. 1707, 1710 (1999)) (First Circuit upheld the district court's refusal to instruct the jurors that they had to agree unanimously on at least one firearm. In support of its ruling, the First Circuit stated "A federal criminal jury must unanimously agree on each 'element' of the crime in order to convict, but need not agree on all the 'underlying brute facts [that] make up a particular element.' The crucial distinction is thus between a fact that is an element of the crime and one that is 'but the means' to the commission of the element." ) See, e.g, United States v. Horodner, 993 F.2d 191, 193-94 (9th Cir.1993) (uninterrupted possession of handgun spanning separate dates constitutes only one § 922(g) offense).

In sum, the government believes that no special instruction is warranted. Special verdict forms are disfavored in criminal trials. They are confusing to the jury, and they invade the province of the jury to return a general verdict without having to render a number of subsidiary findings. See, e.g, United States v. Southard, 700 F.2d 1 (1st Cir. 1983). In this case, especially, there is absolutely no need for it. The charge is the simple one, as is the evidence in support of that charge. We are talking about defendant's possession with intent to distribute cocaine on a single day. For all of these reasons, the defendant's request for a special verdict should be denied.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

ADI GOLDSTEIN
Assistant U.S. Attorney