UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

DEFENDANT'S SUPPLEMENTAL JURY INSTRUCTIONS

SUPPLEMENTAL INSTRUCTION REGARDING OPINION TESTIMONY

During the course of this trial you have heard opinion evidence that firearms are used by persons who traffic in narcotics. You may consider this evidence in determining whether or not the defendant committed the crimes charged in Counts 1, 2, and 4, alleging different drug trafficking crimes. With respect to Count 5 which charges the defendant with possession of a firearm in furtherance of a drug trafficking crime, you may not consider this evidence in determining whether the defendant knowingly possessed a firearm in furtherance of the commission of a drug trafficking crime.

AIDING AND ABETTING <u>(DEFENSE SUPPLEMENTAL INSTRUCTION)</u>

To "aid and abet" means intentionally to help someone else commit a crime. To establish aiding and abetting, the government must prove beyond a reasonable doubt:

<u>First</u>, that someone else committed the charged crime; and

<u>Second</u>, that [defendant] consciously shared the other person's knowledge of the underlying criminal act, intended to help [him/her], and [willfully] took part in the endeavor, seeking to make it succeed.

[Defendant] need not perform the underlying criminal act, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of a crime and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

[An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids be done—that is to say with bad purpose, either to disobey or disregard the law.]

In order to convict the defendant of Count 5, Possession of Firearm in Furtherance of a Drug Trafficking Crime on the theory that the defendant aided and abetted Mr. Christopher Garcia, you must find that the defendant Domingo Gonzalez must have known to a practical certainty that Mr. Garcia would be possessing a gun in furtherance of a drug trafficking crime.

<u>Pattern Criminal Jury Instructions for the District Courts of the First Circuit</u> §4.18.02. and <u>United States v. Torres-Maldonado</u>, 14 F.3d 95, 103 (1st Cir. 1994).

Domingo Gonzalez
By his Attorney,

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that a copy of the above document was mailed or delivered to Adi Goldstein, Esq., at the Office of the United States Attorney, 8th floor, Fleet Center, Providence, RI 02903 or their office on the 21st day of April, 2006.