IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Cr. No. 05-137T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

**GOVERNMENT'S SUPPLEMENTAL PROPOSED JURY INSTRUCTION**

The attached supplemental proposed instruction is hereby offered by the Government.

Respectfully submitted,

UNITED STATES OF AMERICA

By its Attorneys,

ROBERT C. CORRENTE
United States Attorney

Mary E. Rogers

MARY E. ROGERS
Assistant U.S. Attorney

**INTENTIONAL FLIGHT**

INTENTIONAL FLIGHT OR CONCEALMENT BY A DEFENDANT FROM THE CRIME FOR WHICH HE IS NOW ON TRIAL, MAY BE CONSIDERED BY YOU IN THE LIGHT OF ALL THE OTHER EVIDENCE IN THE CASE. THE BURDEN IS UPON THE GOVERNMENT TO PROVE INTENTIONAL FLIGHT. INTENTIONAL FLIGHT AFTER A DEFENDANT IS ACCUSED OF A CRIME IS NOT ALONE SUFFICIENT TO CONCLUDE THAT HE IS GUILTY. FLIGHT DOES NOT CREATE A PRESUMPTION OF GUILT. AT MOST, IT MAY PROVIDE THE BASIS FOR AN INFERENCE OF CONSCIOUSNESS OF GUILT. BUT FLIGHT MAY NOT ALWAYS REFLECT FEELINGS OF GUILT. MOREOVER, FEELINGS OF GUILT, WHICH ARE PRESENT IN MANY INNOCENT PEOPLE, DO NOT NECESSARILY REFLECT ACTUAL GUILT. IN YOUR CONSIDERATION OF THE EVIDENCE OF FLIGHT, YOU SHOULD CONSIDER THAT THERE MAY BE REASONS FOR DEFENDANT'S ACTIONS THAT ARE FULLY CONSISTENT WITH INNOCENCE. IT IS UP TO YOU AS MEMBERS OF THE JURY TO DETERMINE WHETHER EVIDENCE OF INTENTIONAL FLIGHT SHOWS A CONSCIOUSNESS OF GUILT AND THE WEIGHT OR SIGNIFICANCE TO BE ATTACHED TO ANY SUCH EVIDENCE.

**Authority:**

(A flight instruction may be given when the flight in question was from the crime scene.) See Luciano-Mosquera, 63 F.3d at 1153, 1156; United States v. Hernandez, 995 F.2d 307, 314-15 (1st Cir.), cert. denied, 510 U.S. 954 (1993). (When the DEA attempted to arrest drug traffickers on a beach during a drug delivery, the conspirators scattered. Pagan-San-Miguel sprinted and sought refuge under an abandoned Volkswagen at a house next to the beach. When found, he was wet and had his jeans rolled up to his knees. Pagan-San-Miguel argued on appeal that the district court

erroneously instructed the jury about his flight and concealment. The First Circuit held that the "argument [was] meritless. As long as there is an adequate factual predicate supporting an inference of guilt on the crime charged, as there was here, evidence of the accused's flight may be admitted at trial to show consciousness of guilt. See United States v. Hernandez-Bermudez, 857 F.2d 50, 52 (1st Cir.1988)." U.S. v. Luciano-Mosquera, 63 F.3d 1142, 1153 (1st Cir. 1995).)

CERTIFICATION OF SERVICE

I hereby certify that on this 21st day of April, 2006, I served by first class mail, postage prepaid, a copy of the within Government's Supplemental Proposed Jury Instruction, to the following:

Robert B. Mann, Esquire
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903