UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

MOTION FOR A DOWNWARD DEPARTURE AND
A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

Now comes the defendant and moves for a downward departure and a sentence outside of the applicable guideline range. In support of said motion, the defendant submits the attached memorandum of law.

CERTIFICATION PURSUANT TO 18 U.S.C. section 3161(h)

The defense does not believe that this post-plea motion is governed by 18 U.S.C. §3161(h).

Domingo Gonzalez
By his Attorney,

/s/Robert B. Mann_____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 7th day of December, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Adi Goldstein, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR A DOWNWARD DEPARTURE AND A SENTENCE OUTSIDE OF THE GUIDELINE RANGE

## I. INTRODUCTION

This memorandum is presented in support of the defendant's arguments as to sentencing in this matter. The defense submitted a response to the Presentence Investigation which included a number of arguments regarding sentencing. Those arguments are incorporated herein to the extent applicable to the arguments in support of a downward departure and a sentence outside of the guideline range.

The defendant in this case faces a mandatory minimum five year sentence. The presentence report found the guideline provisions to create a range of 121 to 151 months. The defense filed a response to the presentence investigation, objecting to various portions of the report. The defense makes this motion and memorandum prior to a ruling on the defense response to the presentence report. Ultimately, however, this Court must impose a sentence that is "sufficient, but not greater than necessary." 18 U.S.C. §3553(a). In this case, the defendant moves for a downward departure under the guidelines and for a sentence outside of the guideline range, based on the factors identified in 18 U.S.C. §3553(a).

## II. THE DEFENDANT'S IMMIGRATION STATUS

The defendant is an alien, facing deportation as a consequence of this charge. Paragraph 43 of the Presentence Report. The first question this case presents is whether or not and when a defendant's immigration status is a basis for a sentence outside of the guideline range. This matter was considered in United States v. Pacheco-Soto, 386 F. Supp. 2d 1198 (D. N. M. 2005). The Court granted a downward departure because of a defendant's immigration status. The Court said:

> Here, it is solely because of Defendant's status as a deportable alien that he faces a unwarranted increase in the severity of his sentence. He likely will not eligible for any early release, he will not be able to serve his sentence in a minimum security prison, and he may not qualify for reduced credits for participation in a residential drug or alcohol abuse program. These consequences are severe and unfair. In considering this issue, the Court distinguishes Defendant's case from that of other defendants who are sentenced for an offense, such as illegal reentry, that by its nature is committed only by deportable aliens.

United States v. Pacheco-Soto, 386 F. Supp. 2d 1198, 1205 (D.N.M. 2005).

Significantly, United States v. Pacheco-Soto was a drug case. The Court said:

> Here, Defendant pleaded guilty to a drug offense, thus his alien status is irrelevant to the crime. See Farouil, 124 F.3d at 847 (where defendant was charged with importing heroin into the United States, finding "we have no reason to believe that the Guidelines have accounted for a defendant's status as a deportable alien in setting the level for that offense."). The Court, then, will not assume that the Sentencing Commission already took into account his deportable alien status and its severe collateral consequences when formulating the Guideline relevant to his case. For all of these reasons, Defendant's case is outside the heartland and a small departure is warranted.

United States v. Pacheco-Soto, 386 F. Supp. at 1206.

In this case, as a result of the defendant's alien status he has suffered and will continue to suffer significant adverse consequence, just as was the situation in United States v. Pacheco-Soto. See also United States v. Smith, 27 F.3d 649 (D.C. Cir. 1994).

This case does not present the scenario considered in United States v. Vasquez, 279 F.3d 77 (lst Cir. 2002). In that case, the Court of Appeals held that the collateral consequences suffered by a defendant as a result of the defendant's alien status did not constitute a permissible ground for a downward departure under U.S.S.G. §5K2.0, with regard to an illegal reentry case in which sentence is imposed pursuant to 8 U.S.C. § 1326(a) and U.S.S.G. § 2L1.2. This case is not an illegal reentry case and the decision in United States v. Vasquez specifically limited itself to reentry cases. Id. at 80-81. United States v. Pacheco-Soto, supra, also specifically noted that a prosecution under 8 U.S.C. §1326 by definition considered defendant's immigration status. Id. at 1205-1206. The crime with which this defendant is charged could be committed by a citizen, a legally admitted alien, or an illegal alien. There is nothing in the guidelines or the statute which are the basis of these charges which suggests they take into account the defendant's immigration status.

In a pre Booker case, the Court of Appeals for the First Circuit said:

> In short, a deportable alien who commits a crime is still within the "heartland" of the guidelines, absent something more. See United States v. Garay, 235 F.3d 230, 233-34 (5th Cir. 2000); United States v. Farouil, 124 F.3d 838, 847 (7th Cir. 1997). HN4 If deportability, expense, or some combination of the two justifies a departure, it would have to be based on case-specific findings that made the case unusual.

United States v. Maldonado, 242 F.3d 1, 5 (1st Cir. 2001). In this case, there are specific

facts that make the case unusual. The defendant is charged with a drug crime. His immigration status has the very likely effect of lengthening the time the defendant will actually spend incarcerated, because at the end of his sentence he will not be able to go to a halfway house and then spend a portion of the end of his sentence in a home confinement situation. It will also likely affect the level of the institution at which the defendant may be placed.

Finally, of course, there will be the personal toll that deportation imposes upon the defendant. He will be separated from most of his family, including his parents, his child, and many of his siblings. The defendant comes from a close family and as a result of deportation, the defendant will be separated from that close family.

## III. THE DEFENDANT'S PERSONAL SITUATION

The defendant is a 22 year old person, with 0 criminal history points. This Court had the opportunity to observe the defendant and his family during the trial. He clearly enjoys strong support from an extended family. Paragraph 35 of the Presentence Report verifies the support of his family and the converse, the support the defendant has provided his family. The report says his sister, "described her brother as a good person." Paragraph 35 of the Presentence Report. The defendant is also the father of a young girl. Paragraph 36 of the Presentence Report.

## IV. THE FACTORS IN 18 U.S.C. §3555(a)

First, the Court is directed to consider, "the nature and circumstances of the offense and the history and characteristics of the defendant;" 18 U.S.C. §3553(a)(1). In

this case, of particular note is the history and characteristics of the defendant. As has been recounted he has 0 criminal history points and is as his sister said a "good person."

There are several factors to be considered in deciding on the sentence to be imposed. The sentence should, "…reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense…." 18 U.S.C. §3553(a)(2)(A). One Court has recently concluded that:

> Punishing defendant Ibanga for his acquitted conduct would have contravened the statutory goal of furthering respect for the law and would have resulted in unjust punishment for the offense for which he was convicted (i.e., money laundering). 18. U.S.C. § 3553(a)(2)(A).

United States v. Ibanga, 2006 U.S. Dist. LEXIS 72612 (D. Va. 2006). In that case, as in this case, the defendant was an immigrant. The Court took note of this fact and said:

> Defendant Ibanga is an immigrant to this country who has not had the benefit of extensive education, much less an intensive law school seminar on post-Booker sentencing practices. What could instill more confusion and disrespect than finding out that you will be sentenced to an extra ten years in prison for [*22] the alleged crimes of which you were acquitted? The law would have gone from something venerable and respected to a farce and a sham.

United States v. Ibanga, 2006 U.S. Dist. LEXIS 72612, 21-22 (D. Va. 2006). In reaching this conclusion, the Court cites, inter alia, United States v. Pimental, 367 F. Supp. 2d 143 (D. Mass. 2005). The Pimental case was cited as authority by the defense in the defense response to the Presentence Report. The Court basically went on to conclude that imposing a sentence on a person for acquitted conduct conflicted with the mandate of 18 U.S.C. §3553(a)(2)(A), to promote respect for the law.

The defense asks this Court to adopt the reasoning of the Court in United States v. Ibanga and find that a sentence that includes a consideration of acquitted conduct conflicts with the mandate of 18 U.S.C. §3553(a)(2)(A).

The defense submits that two other factors identified in 18 U.S.C. §3553(a)(2) also militate in favor of a sentence that is below the guideline range as set forth in the presentence report. One such factor is deterrence. The defense submits that the minimum sentence which this Court can impose will have a more than adequate deterrent effect. A person with no criminal convictions is facing at least five years in prison and deportation. A second factor identified in §3553(a)(2) is the need to protect the public from further crimes of the defendant. In this case, once the defendant finishes his prison term he is going to be deported. The public will be protected.

## V. CONCLUSION

For all of the reasons set forth above, the defense asks for a downward departure and a sentence outside of the guideline range pursuant to 18 U.S.C. §3553(a). The defendant asks that he be sentenced to five years imprisonment, the statutory minimum.

Domingo Gonzalez
By his Attorney,

/s/Robert B. Mann_____________

Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 7th day of December, 2006, I did send a true copy of the within document by electronic means (ECF) to:

Adi Goldstein, AUSA

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net