UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR 05-137-06T |
| | ) | |
| DOMINGO GONZALEZ | ) | |

DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

The defense files this supplemental memorandum[1] to address the following two questions raised at the initial sentencing hearing:

1) Is an enhancement for possession of a firearm pursuant to U.S.S.G. 2D1.1(b)(1) proper regardless of who possessed the firearm?

2) What is the effect of the conspiracy conviction on the above firearm enhancement in the context of this case?

The transcripts of the judgment of acquittal proceedings and the jury charge are now available and the defense will move the admission of these transcripts as part of the record at the sentencing hearing.

I. Is An Enhancement Proper Regardless of Who Possessed the Firearm?

The lead case cited by the Government on this issue is United States v. Berrios, 132 F.3d 834 (lst Cir. 1998). The Government cites that case for the proposition that,

[1] The defense continues to rely on the arguments advanced in the defense Response to the Presentence Investigation and Memorandum of Law in Support of Motion for a Downward Departure and a Sentence Outside of the Guideline Range.

"Once the presence of a weapon is established enhancement is proper unless the defendant demonstrates special circumstances…." Id. at 839, cited in the Government's Memorandum in Aid of Sentencing at p. 11.

The defense submits that this case is distinguishable because in Berrios, the Court makes the following statement, just prior to the above pronouncement:

> Mendez' two-level enhancement for possession of a firearm during the drug offense was not error although he never actually possessed or used a gun during any of the drug transactions. He was arrested at a different locale from where the gun was found, but evidence showed that he was seen exiting the residence where the gun was found, that he had made many calls to this residence, that the residents were coconspirators, and that the residence was a center for the drug operation. These facts are sufficient for the enhancement because the sentencing guidelines require only that a gun be present during some portion of an ongoing crime. See U.S.S.G. § 2D1.1(b)(1), commentary at n.3. Because the defendants were convicted of a continuing conspiracy the firearm was present during the crime.

Id. at 839.

The last sentence of the above quote is the key sentence. The defendants were responsible because they were convicted of a continuing conspiracy. In this case, the defendant was not convicted of a conspiracy involving the gun. He was also not convicted of a continuing, overarching conspiracy, involving all the activity in this case. He was convicted of a conspiracy to possess 500 or more grams of cocaine with intent to distribute it.

The government also cited United States v. Casas, 356 F.3d 104 (lst Cir. 2004) for the proposition that the enhancement is proper if it is reasonably foreseeable that a co-conspirator would possess a gun in furtherance of the criminal activity. The Court in that

case said it was reasonable, given the facts of the case, that the defendant both "knew of and could reasonably foresee his co-conspirators' possession of firearms." Id. at 129.

The defense submits that cases from other Courts of Appeals provide further assistance in determining the answer to the pending question in more detail. In United States v. Kelso, 942 F.2d 680 (9th Cir. 1991), the Court said the defendant either had to have possession of the weapon or that possession by a co-conspirator was reasonably foreseeable.[2] In United States v. Highsmith, 268 F.3d 1141, 1142 (9th Cir. 2001), the Court affirmed the continuing vitality of United States v. Kelso, stating that defendant's access to a gun was necessary but insufficient to a finding of constructive possession. Id.

---

[2] The Court said:

In this case, there is no question that the firearm was present during the commission of the offense. It was located in the same bag, along with extra ammunition, as the narcotics intended to be distributed. The question here is who possessed the gun? The government does not argue, and indeed there is no evidence, that Kelso had actual physical possession of the weapon. To apply the § 2D1.1(b)(1) enhancement, then, Kelso must have had constructive possession of the weapon. To demonstrate constructive possession

> the government must prove "a sufficient connection between the defendant and the contraband to support the inference that the defendant exercised dominion and control over the substance." United States v. Disla, 805 F.2d 1340, 1350 (9th Cir. 1986). It is not the same as merely knowing the weapon is nearby. "The circumstances of each case must be examined to determine if there is 'such a nexus or relationship between the defendant and the goods that it is reasonable to treat the extent of the defendant's dominion and control as if it were actual possession.'" United States v. Cousins, 427 F.2d 382, 384 (9th Cir. 1970) (quoting United States v. Casalinuovo, 350 F.2d 207, 209-11 (2nd Cir. 1965)).

United States v. Terry, 911 F.2d 272, 278 (9th Cir. 1990). n3

> - - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

> n3 Alternatively, the adjustment would have been appropriate if the district court had found that possession by Kelso's co-conspirator had been reasonably foreseeable to Kelso. See United States v. Garcia, 909 F.2d 1346, 1349-50 (9th Cir. 1990).

United States v. Kelso, 942 F.2d 680, 682 (9th Cir. 1991)

at 1142. The Court further noted that that there was no evidence the defendant knew of the firearm in the Highsmith case. Id. Therefore, the Court held that the enhancement did not apply. Id. The Court went on to say:

> The Government cites application note 3 of the sentencing guidelines for the proposition that the enhancement applies "unless it is clearly improbable that the weapon was connected with the offense." n6 The Government ignores Kelso, failing even to cite the case in its briefing. Yet in Kelso, we reversed the district court's decision -- a decision that clearly rested on the language from application note 3 that the Government quotes to us now -- to apply the same enhancement. n7 We publish this decision to make it even clearer that Kelso, to the extent that it conflicts with application note 3, controls. Applying it here, we vacate the sentence.

United States v. Highsmith, 268 F.3d 1141, 1142 (9th Cir. 2001).

More recently, United States v. Highsmith has been favorably cited by the Eighth Circuit in United States v. Lopez, 384 F.3d 937, 944 (8th Cir. 2004), cert. denied, Gonzales-Lara v. United States, 126 S. Ct. 1078 (2006). The Court said:

> Under the Guidelines, a two-level firearm enhancement can only be applied if the Government shows that the defendant knew or should have known based on specific past experiences with the co-conspirator that the co-conspirator possessed a gun and used it during drug deals. See United States v. Highsmith, 268 F.3d 1141, 1142 (9th Cir 2001) (holding that the firearm enhancement was not applicable where the defendant had access to the co-conspirator's weapon but did not know that the weapon existed). To hold otherwise would unfairly penalize defendants for conduct over which they have no control. Here the Government failed to present any evidence showing that Lara knew or should have known that Baccam possessed a firearm. Thus, we unequivocally vacate the two-level firearm enhancement for Lara and remand for resentencing.

United States v. Lopez, 384 F.3d 937, 944 (8th Cir. 2004).

The defense believes that these cases, United States v. Kelso, United States v. Highsmith, and United States v. Lopez, provide more guidance as to the state of the law with respect to the application of an enhancement pursuant to U.S.S.G. 2D1.1(b)(1) and are consistent with United States v. Berrios and United States v. Casas. The fundamental point is that to punish a person for conduct that is not the person's own conduct and not conduct of which the person was aware or should have been aware is unfair and not permitted, even under U.S.S.G. §2D1.1(b)(1).

The charge to the jury in this case stated the government had to prove the defendant possessed a firearm in furtherance of a drug trafficking crime and identified the three possible drug trafficking crimes as being the three other counts with which the defendant was charged, possession with intent to distribute cocaine in Counts II and IV and the conspiracy alleged in Count 1. The jury found the defendant not guilty of possession of the gun in connection with any of the offenses, including the conspiracy charge.

In the charge to the jury, the Court defined possession to include both actual and constructive possession and sole or joint possession. Tr. of Instructions at 8-9. The Court also gave an aiding and abetting charge. Id. at 13-15. See also Instructions at 28. The Court further charged the jury that the government had to prove "some connection between the defendant's possession of the firearm and the drug trafficking crime in question." Id. at 26. The Court said that the possession had to be in furtherance of the commission of the drug trafficking crime, meaning it had to "facilitate in some way" the drug trafficking offense. Id. at 26-27.

The Court of Appeals has said:

> Once the presence of a weapon is established enhancement is proper unless the defendant demonstrates special circumstances that show a clear improbability that the weapon was connected to the drug offense. U.S. v. Lagasse, 87 F.3d 18, 22 (1st Cir. 1996). The government offered proof that the gun was present during the drug conspiracy, and the defendant did not offer any special circumstances that would make the connection between the gun and the crime improbable; therefore, the enhancement was proper.

United States v. Berrios, 132 F.3d at 839-840. Clearly, the Court of Appeals has required a connection between the gun and the crime and that is essentially what was charged as required under 18 U.S.C. §924(c). Given the nature of the charge to the jury in this case, the defense submits that there is no real difference in the requirement under 18 U.S.C. §924(c) and U.S.S.G. §2D1.1(b)(1) as to the requirement of a connection between the firearm and the offense at least as this case was presented to the jury. Even the charge in this case permitted the jury to find the defendant guilty, without finding that he physically possessed the firearm, among other ways on an aiding and abetting theory or on a constructive possession theory. Yet the jury still found the defendant not guilty of the possession of the firearm allegation. The Government now asks this Court to in effect make a finding that is inconsistent with the finding of the jury.

Both the statute 18 U.S.C. §924(c) and the guideline U.S.S.G. §2D1.1(b)(1) permit a finding adverse to a defendant without a finding that the defendant personally possessed the weapon, but in the context of this case, they both require the same or similar conduct. At a minimum the government must show that the defendant, " knew or should have known based on specific past experiences with the co-conspirator that the co-conspirator possessed a gun and used it during drug deals." United States v. Lopez, 384 F.3d at 944. See also United States v. Casas, supra, (defendant "knew of and could

reasonably foresee his co-conspirators' possession of firearms." ). The Government is not able to satisfy this standard in this case.

## II. The Effect of the Conspiracy Conviction

The defense submits that the conspiracy conviction in this case does not make the defendant subject to the enhancement pursuant to U.S.S.G. 2D1.1(b)(1). The jury found that the firearm was not possessed in furtherance of a drug trafficking crime, including the conspiracy allegation. For the same reasons as set forth in the first section, the defense submits that in the context of this case, the jury decision that the firearm was not possessed in furtherance of the conspiracy is functionally a decision on the same question posed by the guidelines, to wit that the firearm was not possessed in connection with the conspiracy. In this regard, the defense would further note that the conspiracy in this case was to possess 500 grams or more of cocaine with the intent to distribute the same. It was not a conspiracy involving the full panoply of activity alleged in this case. Indeed, this Court specifically charged that the jury could find the defendant guilty of Count II, under a Pinkerton theory. Tr. at 20-21. The Court did not, however, charge that the defendant could be guilty of Count V, the firearm charge, on such a theory. If the defendant could not be found guilty of the substantive firearm charge on a Pinkerton theory, the conspiracy conviction does not create a basis for enhancing the defendant pursuant to U.S.S.G. §2D1.1(b)(1) on such a theory.

Domingo Gonzalez
By his Attorney,

/s/Robert B. Mann_____________
Robert B. Mann #153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770

**CERTIFICATION**

I hereby certify that on this 8th day of January, 2007, I did send a true copy of the within document by electronic means (ECF) to:

Adi Goldstein, AUSA
Office of the United States Probation Officer

/s/Robert B. Mann
Robert B. Mann #0153
Mann & Mitchell
610 Turks Head Place
Providence, RI 02903
(401) 351-5770
rmann@conversent.net