IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CR 05-137 |
| | ) | |
| DOMINGO GONZALEZ | ) | |

GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

The government submits this supplemental memorandum to address the Court's questions as to whether the defendant's sentence may be enhanced pursuant to USSG. § 2D1.1(b)(1) if: (1) someone other than the defendant possessed the firearm in connection with the offense; and (2) whether the defendant must be convicted of a conspiracy in order for the enhancement to apply. For the reasons set forth below (as well as in the Government's first Memorandum in Aid of Sentencing, incorporated here by reference), the government submits that an enhancement is proper where someone other than the defendant possessed the firearm if the presence of the firearm was connected to the offense and "reasonably foreseeable" to the defendant, and the defendant need not be convicted of a conspiracy (though he was, in this case) in order for the enhancement to apply. The government believes that a review of the case law in this Circuit and others clearly supports an enhancement under USSG § 2D1.1 (b)(1) given the facts of this case.

1.Enhancement is Proper if Presence of Weapon was "Reasonably Foreseeable".

The commentary to USSG § 2D1.1 (b)(1) provides that the enhancement for possession of a weapon should be applied "if the weapon was present, unless it is clearly improbable that the

weapon was connected with the offense." USSG § 2 D1.1 Comment (n. 3). The plain language of the guideline and the commentary are silent as to the requirement of scienter by the defendant as to the existence of the weapon. Rather, all that is required is a showing that the weapon was "probably" connected to the offense. However, the guidelines also provide that "in the case of a jointly undertaken criminal activity . . . all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity" shall be considered in determining the base offense level, special offense characteristics, or adjustments to the sentence. USSG § 1B1.3 (a)(1)(B). "A 'jointly undertaken criminal activity' is a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." USSG § 1B1.3 Comment (n. 2) (emphasis added). Taking these two provisions together, the First Circuit, among others, has repeatedly held that the dangerous weapons enhancement applies where the existence of the weapon in connection with the offense was "reasonably foreseeable" to the defendant. See, e.g., United States v. Gobbi, -- F.3d ----, 2006 WL 3804388 (1st Cir. (R.I.) Dec. 28, 2006))[1]; United States v. Ortiz-Torres, 449 F.3d 61 (1st Cir. 2006); United States v. Casas, 356 F.3d 104, 129 (1st Cir. 2004); United States v. Berrios, 132 F.3d 834 (1st Cir. 1998); United States v. Sostre, 967 F.2d 728, 731 (1st Cir. 1992); United States v. Bianco, 922 F.2d 910 (1st Cir. 1991).

---

[1] Gobbi was decided following the first sentencing hearing in this case. In Gobbi, the First Circuit held explicitly that acquitted conduct may be considered at sentencing if proven by a preponderance of the evidence. In a context that is remarkably similar to this case, Gobbi was acquitted of two 18 U.S.C. § 924(c) counts and one substantive drug distribution count, and was convicted of conspiracy and one substantive drug distribution counts. Relying primarily on the testimony of a co-conspirator, the Court enhanced Gobbi's sentence pursuant to section 2D1.1(b)(1). The First Circuit affirmed. 2006 WL 3804388, *9. Other than the co-conspirator's testimony, there was no direct evidence tying Gobbi to the firearm.

In Bianco, the First Circuit upheld the district court's dangerous weapon enhancement where there was no evidence that the defendant knew that co-defendant Acciardo possessed a gun. Bianco and Acciardo were convicted of conspiracy to distribute marijuana and possession with intent to distribute marijuana. Bianco was a facilitator between Acciardo, another man, and a DEA informant who was purportedly going to sell Acciardo a large quantity of marijuana. Bianco was not present at the point of sale. Rather, after the money exchange between Acciardo and the informant, the informant drove to another location to meet Bianco and pay him for his services. The DEA arrested Acciardo immediately following the deal. Acciardo was carrying a loaded semi-automatic pistol. The District Court enhanced Bianco's sentence under section 2D1.1(b)(1) finding that, given the quantity of marijuana and money involved, the presence of a dangerous weapon was reasonably foreseeable. The First Circuit agreed, noting that "[a]bsent evidence of exceptional circumstances, we think it fairly inferable that a codefendant's possession of a dangerous weapon is foreseeable to a defendant with reason to believe that their collaborative criminal venture includes an exchange of controlled substances for a large amount of cash." Id. at 912.

Similarly, in United States v. Aguilera-Zapata, 901 F.2d 1209, 1213-14 (5th Cir. 1990) (cited with approval in Bianco), the Fifth Circuit concluded that "although the district court dismissed the conspiracy count against Aguilera, the court was nevertheless justified in considering for purposes of section 2D1.1(b)(1) any foreseeable conduct of the [other participants] in furtherance of their jointly undertaken criminal activity." In Aguilera, the Fifth Circuit noted that the enhancement applies where the possession of a firearm by a co-defendant,

even if not known to the defendant, was reasonably foreseeable. As in Bianco, the Aguilera Court noted that "firearms are 'tools of the trade' of those engaged in illegal drug activities . . . . Sentencing courts, therefore, may ordinarily infer that a defendant should have foreseen a co-defendant's possession of a dangerous weapon such as a firearm, if the government demonstrates that another participant knowingly possessed the weapon while he and the defendant committed the offense by jointly engaging in concerted criminal activity involving a quantity of narcotics sufficient to support an inference of intent to distribute. Even where the government has thus established a basis for such an inference, the sentencing court ultimately may decline to find reasonable foreseeability in light of special circumstances or contrary evidence presented by the defendant in rebuttal." Id. at 1215-16. In Aguilera, the court noted that the evidence supported a finding that the defendant "should have reasonably foreseen" the co-defendant's possession of the weapon. The defendant was the driver of a truck carrying 530 pounds of marijuana. One of the individuals who brought the marijuana onto the truck was carrying a concealed weapon on his person. Although there was no evidence that Aguilera knew that this passenger was carrying a gun, the fact that Aguilera drove a truck carrying 530 pounds of marijuana was sufficient to finding of foreseeability. See also United States v. White, 875 F.2d 427, 433 (4th Cir. 1989), (court enhanced sentence of defendant convicted only of substantive possession with intent to distribute 300 grams of cocaine, and not conspiracy, where a pistol was found under co-defendant's car seat and there was no direct evidence that defendant knew pistol was there); United States v. McFarlane, 933 F.2d 898 (10th Cir. 1991) (affirming enhancement of defendant who carried 225 grams of crack cocaine and was rear passenger in a car where firearm hidden on floor between two front seats. Court held it was foreseeable to defendant that firearm would

likely be present to protect the transaction).

Defendant's attempt to distinguish Berrios and Casas from this case is not persuasive. As the government pointed out in its first Memorandum and during the first sentencing hearing, the decisions in Berrios and Casas are fully consistent with the application of a dangerous weapons enhancement in this case. Indeed, the facts here are more compelling than in Berrios, Bianco, Aguilera-Zapata, and White. Here, the defendant was a close friend of co-conspirator Christopher Gonzalez. While the defendant was riding in Gonzalez's car, it was the defendant who coordinated the drug transaction and obtained Gonzalez's participation. Defendant sat on the very seat containing the gun and the other drugs. He was also seen turned around in the seat, which can fairly be seen as an attempt to manipulate the hidden compartment where the gun was hidden. In addition, the defendant was aware of the quantity of drugs involved and no-doubt, of their value. This is not a case, like Bianco or Berrios, where the defendant is arrested in a location completely separate from the gun. This is not a case like Aguilera-Zapata, where the weapon was found concealed on a co-defendant's body and the defendant had no prior interaction or knowledge of the co-defendant. The crux of the matter is that the defendant was involved in a large-scale drug transaction, which he knew involved at least three other individuals, and given all of the circumstances, it was clearly foreseeable to the defendant that a weapon would be present.

2. Effect of Conspiracy Conviction and the Jury Instructions

In the second part of his brief defendant makes several arguments that are, essentially, an attempt to obfuscate the issue before the Court. As demonstrated in the previous section, the enhancement applies where a firearm is connected to the drug offense and, in a case of jointly

undertaken criminal activity, its presence was reasonably foreseeable to the defendant. Defendant need not be charged with the crime of conspiracy for the enhancement to apply. USSG 1B1.3(b)(1) & Comment n. 2; Aguilera-Zapata, 901 F.2d at 1213-14 . Defendant need not be convicted of the underlying conduct. Gobbi, 2006 WL 3804388, *9. Accordingly, the issue of whether or not the Court charged the jury with Pinkerton liability as to Counts IV or V of the Indictment is wholly irrelevant. The only question at sentencing is whether the government has satisfied its burden by a preponderance of the evidence. Furthermore, the government strongly disputes defendant's statement that the conspiracy charged in Count I "was not a conspiracy involving the full panoply of activity alleged in this case." Defendant is attempting to carve out the evidence in this case in a manner that is illogical and inconsistent with the case presented by the government. The government has never argued that the firearm in the car was designed only to protect the 96 grams of cocaine that remained in the hidden compartment. Indeed, the Court's instruction to the jury Tr. at 25, clearly states that the drug trafficking crimes in question are those charged in Counts I, II and IV of the Indictment. In this case, the defendant was convicted of conspiring with Christopher Garcia and others to distribute approximately 2 kilograms of cocaine. If the Court finds that the firearm was "probably"connected to that offense and that its presence was either directly known to Gonzalez or "reasonably foreseeable" by him (because of the nature and circumstances of the offense) then the enhancement applies.

CONCLUSION

For the reasons set forth above and in the Government's first Memorandum in Aid of Sentencing, the government respectfully requests that the Defendant's Objections to the PSR be denied.

Respectfully submitted,
UNITED STATES OF AMERICA

By its Attorneys,
ROBERT CLARK CORRENTE
United States Attorney

/s/Adi Goldstein
ADI GOLDSTEIN #6701
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000

CERTIFICATION

I Hereby certify that on this 8th day of January, 2007, I did send a true copy of the within document by electronic means to Robert B. Mann, counsel for defendant Domingo Gonzalez.

/s/Adi Goldstein
ADI GOLDSTEIN #6701
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000