UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA

v.                                              CR 05-137S

DOMINGO GONZALEZ

**MEMORANDUM AND ORDER**

Before this Court is Petitioner's pro se Motion for Appointment of Counsel to pursue a post-conviction petition under 28 U.S.C. § 2255. (Document No. 186). The Motion for Appointment of Counsel has been referred to me for determination. 28 U.S.C. § 636(b)(1)(A); LR Cv 72(a). For the reasons set forth below, Petitioner's Motion for Appointment of Counsel is DENIED.

There is no absolute right to an attorney in a civil case. DesRosiers v. Moran, 949 F.2d 15, 23-24 (1st Cir. 1991). Before appointing an attorney, the Court must look to the type and complexity of the case, and the ability of the petitioner to prosecute it. Id.; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). This analysis also applies to persons such as Petitioner seeking post-conviction relief, Reese v. Fulcomer, 946 F.2d 247, 264 (3rd Cir. 1991), cert. denied, 503 U.S. 988 (1992) (no evidentiary hearing), and it also includes post-hearing motions, United States v. Seretti, 754 F.2d 817 (9th Cir. 1985) (petition for certiorari).

From a review of Petitioner's Motion, the Court finds that Petitioner has shown the capacity to articulate his claim, and that Petitioner has a basic understanding of the legal procedures to be followed. If an evidentiary hearing is scheduled in this case, Petitioner may refile his Motion for Appointment of Counsel and the Court will reconsider the request. See Rule 8(c), Federal Rules Governing Section 2255 Cases. Thus, the Court determines that Petitioner does not, at this time,

meet the test for appointment of counsel and will, therefore, be required to prosecute this action by himself.

IT IS THEREFORE ORDERED, that Petitioner's Motion for Appointment of Counsel is DENIED without prejudice.

/s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
October 21, 2009