```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND
- - - - - - - - - - - - - - - -
                                :
UNITED STATES OF AMERICA        :
                                :
     vs.                        :      CR No. 05-137-06 S
                                :
DOMINGO A. GONZALEZ             :
- - - - - - - - - - - - - - - -
```

**ORDER**

Domingo A. Gonzalez has filed a motion to extend time to file a motion to vacate sentence pursuant to 28 U.S.C. § 2255 in the above matter.[1]

This motion must be denied. First, the motion is premature. From this Court's records it appears that Gonzalez's conviction for federal drug offenses was affirmed by the First Circuit on June 24, 2009. As such, his conviction became final 90 days thereafter -- i.e., on or about September 22, 2009 -- and he would have one year from that date to file a § 2255 motion.

Second, even if not premature, this Court is without jurisdiction to grant it. Although the First Circuit has not directly addressed this issue, other courts have determined that a district court is without jurisdiction to extend the time to file a §2255 motion to vacate, unless such motion to extend *is accompanied or preceded by* the motion to vacate. See Green v.

---

[1] Gonzalez has entitled his motion, "Motion for Enlargement of Time For Filing Petitioner's 2255 Habeas Corpus Motion," which this Court construes as a motion to extend the time to file a motion to vacate, as described above.

United States, 260 F.3d 78, 82-83 (2d Cir. 2001) (a district court does not have subject-matter jurisdiction to extend one-year limitation period to file §2255 motion unless "(1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period"); United States v. Miller, No. 06-CR-20080, 2008 WL 4541418 (C.D. Ill. Oct. 9, 2008) (same); United States v. Leon, 203 F.3d 162, 164 (2d Cir. 2000) (federal court lacks jurisdiction to consider timeliness of a §2255 petition until a petition is actually filed). This is because without the filing of an actual motion for post-conviction relief, "there is no case or controversy to be heard, and any opinion [a district court] were to render on the timeliness issue would be merely advisory." Green, 260 F.3d at 82 (quoting Leon, 203 F.3d at 164).

Here, Gonzalez's motion to extend is not accompanied by any §2255 motion to vacate, nor does the motion itself articulate any cognizable claim under § 2255. Rather, it merely describes Gonzalez's difficulties in preparing such a motion. In the absence of such a claim, this Court cannot construe the instant motion for extension as a §2255 motion. Thus, this Court lacks jurisdiction to grant any extension, and Gonzalez's motion must be denied. See Green, 260 F.3d at 83.

In view of the foregoing, it is hereby ORDERED that Gonzalez's motion to extend the time to file a §2255 motion be DENIED. This denial is without prejudice to Gonzalez's timely filing a §2255 motion to vacate, if he so chooses.

IT IS SO ORDERED:

/s/ William E. Smith

William E. Smith
United States District Judge
Date: June 7, 2010